IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

MELISSA MONDAY, Individually and on
behalf of all others similarly situated                                              PLAINTIFFS

v.                              Case No. 4:14-cv-00007-KGB

SAMSON HEAVY HAULING COMPANY, INC.
and CHARLES FOWLER                                                                   DEFENDANTS

### ORDER

Plaintiff filed this matter individually and on behalf of all others similarly situated, asserting claims pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* Before the Court is defendants' motion to dismiss with prejudice and to review and approve settlement *in camera*, if necessary (Dkt. No. 11). Having determined that approval is necessary (Dkt. No. 13), the Court must now review the settlement agreement and release ("Agreement"), which was provided to the Court by the parties. This is because settlement agreements resolving FLSA claims typically are subject to court approval. *See Dillworth v. Case Farms Processing, Inc.*, No. 5:08-cv-1694, 2010 WL 776933, at *2 (N.D. Ohio Mar. 8, 2010) (citing 29 U.S.C. § 216(b)).

Before approving a settlement, a court ensures that the parties are not negotiating around the FLSA's requirements and that the settlement represents a fair and reasonable resolution of a bona fide dispute. *See id.* at *6; *Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007). The Eighth Circuit has not directly addressed the factors to be considered in deciding motions for approval of FLSA settlements. Other district courts have scrutinized such settlements for fairness in two steps.

> First, the court should consider whether the compromise is fair and reasonable to the employee (factors "internal" to the compromise). If the compromise is reasonable to the employee, the court should inquire whether the compromise otherwise impermissibly frustrates implementation of the FLSA (factors "external" to the compromise). The court should approve the compromise only if the compromise is reasonable to the employee and furthers implementation of the FLSA in the workplace.

*Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010).

The Agreement sets forth the specific amounts to be paid to plaintiff, what those specific amounts represent, and the total amount to be paid for attorney's fees and costs. Further, defendants' brief in support of their motion to dismiss with prejudice states that "the Agreement is the product of arm's length negotiations," "adequately compensates Plaintiff for her claims," and "[n]othing about it frustrates the purposes of the FLSA" (Dkt. No. 12, at 4-5). Plaintiff has not disputed this despite the opportunity to do so. For these reasons, and based upon the Court's review of other information in the pleadings filed and language in the Agreement, the Court determines that plaintiffs' recovery is a reasonable approximation of amounts owed under the FLSA. The Court approves the Agreement. It is therefore ordered that this case be dismissed with prejudice.

IT IS SO ORDERED this 7th day of April, 2015.

_____
KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE